UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: CHRISTEE THOMSON STREETT,　　　　　　　　No. 13-10-16389 JA

Debtor.

## ORDER GRANTING TAXATION AND REVENUE DEPARTMENT'S MOTION FOR ORDER DIRECTING DISTRIBUTION OF FUNDS HELD BY TRUSTEE

THIS MATTER is before the Court on the Taxation and Revenue Department's Motion for Order Directing Distribution of Funds Held by Trustee ("Motion"). *See* Docket No. 92. The Debtor, Christee Thomson Street, opposes the Motion. *See* Docket No. 98. This case, which was dismissed on September 8, 2011,[1] is the Debtor's second Chapter 13 case. In an effort to attach funds held by the Standing Chapter 13 Trustee that would otherwise have been returned to the Debtor under 11 U.S.C. § 1326(a)(2), the State of New Mexico, Taxation and Revenue Department ("NMTR") served a warrant of levy on the Standing Chapter 13 Trustee two days after the dismissal of the Debtor's prior Chapter 13 bankruptcy case. The dismissal order in the Debtor's prior bankruptcy case was subsequently set aside. At issue is whether the order setting aside the dismissal of the Debtor's first case re-imposed the automatic stay retroactively to the date of the entry of the order dismissing case such that NMTR's warrant of levy is rendered void as having been served in violation of the automatic stay.

Following a preliminary hearing on the Motion, the Court set a briefing schedule and directed the parties to file stipulated facts.[2] In response to NMTR's brief, the Debtor, for the first time, raised an argument that the Debtor did not receive proper notice in connection with the

---

[1] *See* Order of Dismissal. (Docket No. 93). The Motion and an Application for Administrative Expenses (Docket No. 90) are the only outstanding matters to be resolved before the Chapter 13 Trustee can issue a final report and the case can be closed.

[2] The parties filed a Stipulation of Facts and Request for Ruling Regarding Taxation and Revenue Department's Motion for Order Directing Distribution of Funds Held by Trustee (Docket No. 92), NMTR filed a brief, the Debtor filed a responding brief, and NMTR filed a reply. *See* Docket Nos. 103, 104, 107, and 108.

dismissal of the First Case. The Court then set a status conference to determine whether further evidence was required in order to decide the Motion.

At the status conference, held April 4, 2012, the parties agreed that the Court could take judicial notice of the documents filed in the Debtor's first bankruptcy case. The Court also granted the parties an opportunity to stipulate to the excerpt from transcript as cited by NMTR, or offer other portions of the transcript, from the hearing on confirmation held in the Debtor's first bankruptcy case. On April 12, 2012, the parties filed a Supplemental Stipulation Regarding Taxation and Revenue Department's Motion for Order Directing Distribution of Funds Held by Trustee (Dkt. No. 92) (the "Supplemental Stipulation"). *See* Docket No. 111. By the Supplemental Stipulation, the parties agreed that the excerpt of the transcript from the hearing held September 28, 2010 in Case No. 13-09-14420 included by NMTR at Footnote 1 of its reply (Docket No. 108) is a true and accurate excerpt of the transcript from those proceedings and that the Court could accept the excerpt as evidence and take it into consideration in deciding the Motion. *Id.* The Debtor declined to supplement the excerpt with any other portion of the transcript from the hearing held September 28, 2010. *Id.*

After consideration of the arguments of counsel in light of the stipulated facts, the Court concludes that 1) NMTR's service of the warrant of levy was valid; 2) the order setting aside the dismissal did not re-impose the stay retroactively to the original date of dismissal; and 3) the entry of the original dismissal order did not violate the Debtor's due process rights. The Court will, therefore, grant the Motion.

FACTS

The parties have stipulated to the following facts necessary to resolve the Motion:

2

1. The Debtor filed a Chapter 13 case on September 29, 2009 as Case No. 13-09-14420 SA (the "First Case").

2. NMTR filed a proof of claim in the First Case, as Claim No. 1-1, in the amount of $104,548.33, based on unpaid taxes assessed by it against the Debtor.

3. NMTR amended its claim filed in the First Case to $83,002.78 on November 13, 2009. *See* First Case – Claim No. 1-2.

4. Debtor made pre-confirmation plan payments to the Standing Chapter 13 Trustee in the First Case.

5. On November 8, 2010, the Court entered in the First Case an Order Dismissing Bankruptcy Case. *See* First Case – Docket No. 108.

6. The Order Dismissing Bankruptcy Case reflects that a copy of the order was sent to the Debtor at her address of record. *See* First Case – Docket No. 108.

7. On November 10, 2010, NMTR served a Warrant of Levy on the Standing Chapter 13 Trustee, seeking to collect the taxes assessed by NMTR against the Debtor from the pre-confirmation plan payments.

8. On November 18, 2010 the Court entered in the First Case an Order Setting Aside Order Dismissing Case and Setting Preliminary Hearing on 11/23/10 at 10:00am ("Order Setting Aside Dismissal"). *See* First Case – Docket No. 118.

9. The Order Setting Aside Dismissal includes the following recitals:

> The Debtor stated at the hearing [held November 12, 2008] that she did not know her case had been dismissed, nor did she receive a copy of the Order Resulting from Final Confirmation Hearing (doc #97) which among other things obligated her to provide notice to all creditors of the filing of her amended chapter 13 plan. A cursory examination during that hearing of the CM contents of her file supports that statement, based in part on the timing of the Court's order allowing her counsel to withdraw.

Order Setting Aside Dismissal – First Case – Docket No. 118.

10. The decretal paragraph of the Order Setting Aside Dismissal states that "[t]he Order Dismissing Case is set aside." *Id.*

11. On December 29, 2010, the Court entered an Order of Dismissal Without Prejudice, dismissing the First Case. *See* First Case – Docket No. 131.

12. After payment of the costs of administration pursuant to 11 U.S.C. § 1326(a)(2), $21,803.85 remained in the possession of the Standing Chapter 13 Trustee in the First Case.

13. On December 28, 2010, the Debtor, *pro se,* filed a second chapter 13 case in the District of New Mexico as Case No. 13-10-16389 (the "Second Case").

14. The First Case could not be closed while the Standing Chapter 13 Trustee remained in possession of the $21,803.85.

15. On July 19, 2011, the Court entered in the First Case a Stipulated Order Allowing Trustee to Transfer Funds and Administer through Debtors' [sic] Pending Chapter 13 Case ("Stipulated Order"). *See* First Case – Docket No. 135.

16. The Stipulated Order directed the Standing Chapter 13 Trustee to transfer the funds in her possession from the First Case to the Second Case. *Id.*

17. The Standing Chapter 13 Trustee presently holds $28,459.21 comprised of the $21,803.85 transferred from the First Case, and $6,653.36 from the Second Case, comprised of $2,653.39 in pre-confirmation plan payments made by the Debtor in the Second Case and $4,000.00 being held in trust by the Standing Chapter 13 Trustee for the Debtor's attorneys pursuant to court order. *See* Second Case – Docket No. 67.

18. The Court held a continued final confirmation hearing in the First Case on September 28, 2010. Christee Streett attended the continued final confirmation hearing with her then counsel of record, Ron Holmes.

19. At the close of the continued final confirmation hearing held September 28, 2010, the Court issued the following oral ruling:

> So I guess what I am going to do, I think, is give a deadline of Monday, October 25th for an amended plan of some sort or even conversion, but Monday, October 25th for an amended plan to have been filed and noticed out that day to creditors, so that if possible, what did I say Monday, October 25th, right, so that something can be done here and maybe it can be done, wait a second. I am not sure that works. I'm sorry, I'm going to make that twenty days to Monday, October 18, for an amended plan or a conversion or a voluntary dismissal to be filed, and if none of those three things are filed within that time period, then the trustee is authorized on Tuesday, October 19th to file, send me an order dismissing the case. If you are able to get something together on the October 18th, it needs to go out that same day, so that if you're filing an amended plan that you think may work, at least you'll have it noticed up and people having the opportunity to look at it, to object, by the time we get around to the next chapter 13 day, and the first chapter 13, well, until we get around to the next full chapter 13 day, which is Tuesday November 23, which is two days before Thanksgiving. OK? So that's what the ruling will be. And that gives you the opportunity, Ms. Streett, to kind of get something done. And I'm not sure I'm doing you any favors, frankly, as opposed to just simply prolonging the agony.

*Excerpt from transcript of hearing held September 28, 2010.*

20. On October 5, 2010, the Court entered an order memorializing the ruling at the continued final confirmation hearing. *See* Order Following Final Hearing on Confirmation – First Case, Docket No. 97. The Order Following Final Hearing on Confirmation included the following provisions:

   a. The Court will allow the Debtor to propose a feasible plan in the form of an Amended Chapter 13 Plan and file the same with the Court on or before October 18, 2010. The deadline for Debtor's Amended Plan includes notice being mailed to all parties in interest on or before October 18, 2010.

   b. Should the Debtor fail to meet any of the aforementioned deadlines, the Trustee is authorized to submit an order of dismissal without further notice.

5

Order Following Final Hearing on Confirmation, ¶¶ 1 and 4.

21. The Order Following Final Hearing on Confirmation reflects that a copy of the order was sent to the Debtor's counsel of record. The Order Following Final Hearing on Confirmation does not reflect that a copy of the order was sent to the Debtor.

22. Later on the same day that the Court entered the Order Following Final Hearing on Confirmation, an Order to Withdraw as Counsel for the Debtor was entered which authorized Mr. Holmes to withdraw from his representation of the Debtor. *See* First Case – Docket No. 98.

23. The Order to Withdraw as Counsel for the Debtor recites that the Debtor's current mailing address is P.O. Box 25252, Albuquerque, New Mexico 87125, and reflects that a copy of the order was sent to the Debtor at that address. *Id.*

## DISCUSSION

Dismissal of a chapter 13 bankruptcy case terminates the automatic stay immediately. *See* 11 U.S.C. § 362(c)(2)(B)("the stay . . . continues until the . . . the time the case is dismissed."); *In re Lomagno,* 320 B.R. 473, 478 (1st Cir. BAP 2005), *aff'd,* 429 F.3d 16 (1st Cir. 2005)("dismissal of the bankruptcy petition immediately terminates both the automatic stay and the bankruptcy estate.")(citing *In re de Jesús Saez,* 721 F.2d 848, 851 (1st Cir. 1983)(remaining citations omitted).[3] Cases interpreting whether action taking by a creditor following dismissal of a case violates the automatic stay if the dismissal order is later set aside have uniformly held that the automatic stay is not re-imposed retroactively.[4] Thus, action taken by a creditor following

---

[3] *See also, Fish Market Nominee Corp. v. Pelofsky,* 72 F.3d 4, 6 (1st Cir. 1995)(holding that Fed.R.Civ.P. 62(a) (which stays the execution of a judgment for ten [now 14] days after the entry of the judgment) did not extend the automatic stay under 11 U.S.C. § 362(a) following the dismissal of a chapter 11 case).

[4] *See, e.g., Shaw v. Erlich,* 294 B.R. 260, 275 (W.D.Va. 2003), *aff'd, Wiencko v. Erlich (In re Wiencko),* 99 Fed.Appx. (4th Cir. 2004)(unpublished)(" When the bankruptcy court entered its order of dismissal on April 3, 2002, the automatic stay was immediately terminated, regardless of the rights of appeal and rights of reconsideration held by the Debtors."); *In re Hill,* 305 B.R. 100 (Bankr.M.D.Fla. 2003)(order vacating earlier dismissal order did not

6

dismissal and before the dismissal order is set aside, is valid. *See Frank v. Gulf States Fin. Co. (In re Frank),* 254 B.R. 368, 374 (Bankr.S.D.Tex. 2000)("even if a case is reinstated, the automatic stay is not retroactively reinstated with respect to creditor conduct that occurred between the dismissal and the reinstatement.").[5]

The automatic stay provisions under 11 U.S.C. § 362 and the dismissal provisions contained in 11 U.S.C. § 349 work together. Under 11 U.S.C. § 362(c)(1), "the stay of an act against property of the estate . . . continues until such property is no longer property of the estate." 11 U.S.C. § 362(c)(1). Similarly, under 11 U.S.C. § 362(c)(2), the stay continues until the earlier of the time the case is closed, dismissed, or the discharge is granted or denied. 11 U.S.C. § 362(c)(2)(A), (B), and (C). As explained by the *Lomagno* court, "immediate termination of the automatic stay is supported by 11 U.S.C. § 349(b)(3), which provides that the dismissal of a case revests the property of the estate in the entity in which the property was vested immediately before the commencement of the case." *Lomagno,* 320 B.R. at 478 (citation

---

reinstate the stay retroactively, even though the debtor filed a motion to set aside the dismissal order within the period afforded under Rule 9023, Fed.R.Bankr.P.); *Jennings v. R & R Cars and Trucks (In re Jennings),* 2001 WL 1806980 at *3 (Bankr.D.S.C. Sept. 17, 2001)(even though the court vacated the dismissal of the debtors' chapter 13 case, the effect of setting aside the dismissal did not retroactively reinstate the automatic stay during the period following dismissal through the date the dismissal was set aside); *In re Nagel,* 245 B.R. 657, 662 (D.Ariz. 1999)("retroactive reinstatement of the 'automatic stay' is squarely at odds with the plain reading of subsection 362(c)(2) and Congress' intent that the parties be returned to the *status quo ante.* By 'undoing' the return to the *status quo ante* through the retroactive application of the stay, the bankruptcy court engaged in a kind of judicial time travel that cannot be reconciled with the law."); *Weston v. Rodriguez (In re Weston),* 110 B.R. 452 (E.D.Ca. 1989), *aff'd,* 967 F.2d 596 (9th Cir. 1992)(Table)(finding that the foreclosure action that took place following dismissal did not violate the automatic stay despite debtors' pending appeal of the dismissal order). *Cf. In re Sewell,* 345 B.R. 174, 181-182 (9th Cir. BAP 2006)(affirming bankruptcy court's determination that the reinstatement of automatic stay was not effective until the order was entered, so that foreclosure sale that occurred after the order was signed but before the order was entered could not be set aside). The Court is not deciding whether the result would be different if the order setting aside a dismissal order expressly provides that it has retroactive effect.

[5] *See also, Lomagno,* 320 B.R. at 482 (holding that the automatic stay terminated immediately, "irrespective of the Debtors' right of appeal[ ]" and declining to give retroactive effect to the automatic stay); *Nagel,* 245 B.R. at 662 (finding that the bankruptcy court's retroactive reinstatement of the automatic stay following dismissal of Chapter 11 case was "squarely at odds with the plain reading of subsection 362(c)(2) and Congress' intent that the parties be returned to the *status quo ante.*" Consequently, the deed of trust foreclosure sale that occurred after dismissal when the stay was not in effect was valid).

7

omitted).[6]   Because the automatic stay terminates upon dismissal, actions taken by a creditor against a debtor's property following the dismissal but before a dismissal order is subsequently set aside do not violate the automatic stay.

A limited exception to this generally accepted approach to dismissal can be found in *In re Krueger,* 88 B.R. 238 (9th Cir. BAP 1988).[7]   In *Kreuger,* both the debtors and their counsel did not appear at a confirmation hearing and the bankruptcy court continued the hearing to a later date. *Krueger,* 88 B.R. at 240.  No notice of the continued hearing date was given to the debtors or to their counsel. *Id.*  Neither the debtors nor their counsel appeared at the continued confirmation hearing and the bankruptcy court dismissed the case on the Chapter 13 trustee's request, finding that the debtors had failed to amend their plan. *Id.*  Following the dismissal of the debtors' case, a creditor held a foreclosure sale of the debtors' home. *Id.*  The debtors then sought to set aside the order dismissing the bankruptcy case and void the foreclosure sale. *Id.*  The bankruptcy court, relying on 11 U.S.C. § 105, voided the foreclosure sale and reverted the property to the debtors, finding that the creditor acted in bad faith in failing to notify the debtors of the continued confirmation hearing date, and finding further that there was a lack of due process. *Id.*  In affirming the bankruptcy court, the Ninth Circuit Bankruptcy Appellate Panel agreed that the entry of the dismissal order did not comply with the notice requirements under 11 U.S.C. § 1307, and found further that the Constitutional due process requirements under the Fifth Amendment had not been met. *Id.*  at 241.  Thus the dismissal order was void. *Id.*

---

[6] *See also, Weston v. Cibula (In re Weston),* 101 B.R. 202, 204 (Bankr.E.D.Cal. 1989), *aff'd,* 123 B.R. 466 (9th Cir. BAP 1991), *aff'd,* 967 F.2d 596 (9th Cir. 1991)(Table)(agreeing that immediate termination of the stay at the moment the order dismissing the case is entered on the docket "jibes with the provisions of 11 U.S.C. § 349(b) which defines the effect of an order of dismissal.").

[7]*Cf. In re Acosta,* 181 B.R. 477 (Bankr.D.Ariz. 1995)(setting aside foreclosure sale that occurred after the dismissal of the debtors' bankruptcy case where debtors did not receive actual notice of the continued foreclosure sale as required under Arizona law).

8

*Kreuger* does not stand for the proposition that setting aside the dismissal order retroactively re-imposes the automatic stay. Rather, the *Kreuger* court reasoned that, because the dismissal order was entered without due process, the dismissal order was void. Consequently, the stay *never terminated,* and the foreclosure sale that occurred while the stay was in effect, was also void. *Id.*

Unlike the facts in *Kreuger,* here there is evidence before the Court that the Debtor had actual notice in the First Case that her case would be dismissed if she failed to file and notice out an amended plan to all creditors by a specified date. She and her counsel attended the continued confirmation hearing where the Court ruled that she was required by October 18, 2010 to file an amended plan and notice it out to all creditors, convert her case, or voluntarily dismiss her case, or the Chapter 13 Trustee could submit a dismissal order on the following day. And while she did not get a copy of the order resulting from that hearing due to the timing of the withdrawal of her counsel of record in the First Case, the Court finds that the entry of the dismissal order did not violate the Debtor's due process rights.

Constitutional due process requires that parties be given "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950)(citations omitted). These Constitutional due process requirements apply equally in bankruptcy cases. *White v. Chance Indus., Inc. (In re Chance Indus., Inc.),* 367 B.R. 689, 708 n.73 (Bankr.D.Kan. 2006)(citing *Turney v. Federal Deposit Ins. Corp.,* 18 F.3d 865, 868 (10th Cir. 1994)). Dismissal under 11 U.S.C. § 1307(c) requires "notice and a hearing." 11 U.S.C. § 1307(c). Under the Bankruptcy Code, "after notice and hearing" requires notice that "is appropriate in the particular circumstances." *See* 11 U.S.C. §

9

101(1)(A)(defining "'after notice and a hearing'" to mean "after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing is appropriate in the particular circumstances[.]").

Based on the stipulated facts, the Court finds that the Debtor was given sufficient notice that her case would be dismissed if certain conditions were not met. As stated above, the Debtor and her then counsel attended the hearing in person on September 28, 2010 when the Court issued that ruling. The conditions imposed by the Court at the final hearing held September 28, 2010 were not met, and the Debtor's case was dismissed. The fact that the Order Setting Aside Dismissal recites that a cursory examination during that hearing of the CM (case management) contents of the Debtor's file supports her statement that she did not receive a copy of the Order Following Final Hearing on Confirmation or know her case had been dismissed does not change the result. The actual notice given to the Debtor satisfies both Constitutional due process and the notice requirements under the Bankruptcy Code.

Upon the entry of the Order Setting Aside the Dismissal of the Debtor's First Case, the stay became effective. But because NMTR's service of the levy occurred *after* the date the First Case was dismissed and *before* the date the dismissal order was set aside, the service was valid.

WHEREFORE, IT IS HEREBY ORDERED that the Motion is GRANTED.

ORDERED FURTHER that the Chapter 13 Trustee is authorized to disburse the funds in the amount of $21,803.85 to NMTR.

_____
ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Date entered on docket: April 23, 2012

COPY TO:

Andrea Steiling
Attorney for Debtor
William F. Davis & Assoc., P.C.
6709 Academy NE, Suite A
Albuquerque, NM  87109

James Jacobsen
Assistant Attorney General
111 Lomas Blvd. NW, Suite 300
Albuquerque, NM 87102


Kelley L. Skehen
Chapter 13 Trustee
625 Silver Ave. SW, Suite 350
Albuquerque, NM  87102